**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ARTHUR THOMAS WESTWOLF, JR.,<br><br>Defendant. | **CR-19-41-GF-BMM**<br><br>**ORDER** |

## BACKGROUND

Arthur Thomas Westwolf, Jr. has moved the Court to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. 50 and Doc. 53.) The Court sentenced Westwolf to a term of five years follow by five years supervised release on June 4, 2020. (Doc. 46.) Westwolf's projected release date is September 30, 2024. *See* BOP Inmate Finder, https://www.bop.gov/inmateloc/ (last visited April 26, 2023). Westwolf is currently located at Sheridan FCI in Sheridan, Oregon. *Id*.

**I.    Availability of Relief Under 18 U.S.C. § 3582**

The First Step Act amended the United States Code to "promote rehabilitation of prisoners and unwind decades of mass incarceration." *United States v. Brown*,

1

411 F. Supp. 3d 446, 448 (S.D. Iowa 2019). The First Step Act amendments to 21 U.S.C. § 841(b)(1)(A) and 18 U.S.C. § 3582(c)(1)(A) prove relevant to Devereaux's motion.

Where, as here, a motion for a sentence reduction is well taken, the Court may modify a term of imprisonment following a finding that "extraordinary and compelling reasons warrant such a reduction." *Id.* The Court must consider the factors set forth in 18 U.S.C. § 3553(a), and whether the reduction proves "consistent with applicable policy statements issued by the Sentencing Commission," when deciding whether to reduce a sentence. *Id.*; § 3582(c)(1)-(2).

Congress has not defined those circumstances that rise to the level of "extraordinary and compelling," except to say that "[r]ehabilitation of the defendant alone" is insufficient. 28 U.S.C. § 994(t); *Brown*, 411 F. Supp. 3d at 448. The law instead directs the Sentencing Commission to issue a policy statement in which it describes "what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *Id.*

The relevant Sentencing Commission policy statement lies in USSG § 1B1.13, titled Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) ("Policy Statement"). Notably, the Sentencing Commission has not amended the Policy Statement since passage of the First Step Act. *See United States v. Haynes*,

456 F. Supp. 3d 496, 507 (E.D. N.Y. 2020); *Brown*, 411 F. Supp. 3d at 448. A number of district courts have noted the unlikelihood of the Sentencing Commission updating the Policy Statement in the foreseeable future, as the Sentencing Commission requires four voting Commissioners to adopt a proposed amendment, and currently has only two voting Commissioners. *See, e.g., Haynes*, 456 F. Supp. 3d at 510 n.20; *Brown*, 411 F. Supp. 3d at 449 n.1; *United States v. Cantu*, 423 F. Supp. 3d 345, 347-48 n.1 (S.D. Tex. 2019); *United States v. Maumau*, 2020 WL 806121, at *1 n.3 (D. Utah Feb. 18, 2020); *United States v. Fox*, 2019 WL 3046086, at *3 (D. Me. July 11, 2019); *United States v. Handerhan*, 2019 WL 1437903, at *1 n.4 (M.D. Pa. Apr. 1, 2019).

The "Commentary" to the Policy Statement lists five "Application Notes," the terms of which evidence the Policy Statement's inapplicability to the amended § 3582(c)(1)(A). *See* USSG § 1B1.13 n.1-5. Note 1 lists those circumstances that qualify as "extraordinary and compelling," including the defendant's medical condition, age, family circumstances, and "Other Reasons." *Id.* n.1(A)-(D). The "Other Reasons" subdivision to Note 1 provides as follows: "As determined by the Director of [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." Id. n.1(D) (emphasis added). Notes 4 and 5 likewise "speak plainly to the BOP's exclusive gate-keeping authority pre-[First Step Act]."

3

*Haynes*, 456 F. Supp. 3d at 508. Note 4 provides, for example, that a "reduction under this policy statement may be granted only upon motion by the Director of the [BOP] pursuant to 18 U.S.C. § 3582(c)(1)(A)." USSG § 1B1.13 n.4.

The pre-First Step Act Policy Statement does not account for amendments to § 3582(c)(1)(A), namely, the removal of BOP's sentinel authority over sentence reduction petitions and the extension to defendants of the right directly to move for a sentence reduction. *See United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019). The Policy Statement instead contemplates only motions filed by the BOP Director. *Id.*; *see also* USSG § 1B1.13.

A split in authority emerged over whether the Policy Statement at USSG § 1B1.13 remained "applicable" to § 3582(c)(1)(A) motions directly filed by defendants after the First Step Act's amendments of § 3582(c)(1)(A) first became effective. *See Beck*, 425 F. Supp. 3d at 579. Some courts reiterated § 3582(c)(1)(A)(i)'s requirement that a sentencing reduction must be "consistent" with any "applicable" policy statements. *See id.* Another court determined that, "given the changes to [§ 3582(c)(1)(A)], the policy-statement provision that was previously applicable . . . no longer fits . . . and thus does not comply with the congressional mandate that the policy statement must provide guidance on the appropriate use of sentence-modification provisions under § 3582." *United States v. Cantu*, 423 F. Supp. 3d 345, 351 (S.D. Tex. 2019). Additionally, "[a]t least twelve" other federal

district courts have held the Policy Statement's "extraordinary and compelling reasons" list to be unexhaustive for defendants' direct sentence reduction motions. *United States v. Haynes*, 456 F. Supp. 3d 496, 511-13 (E.D. N.Y. 2020)

The Ninth Circuit subsequently issued its decision in *United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021). The *Aruda* decision makes clear that the Policy Statement at USSG § 1B1.13 "is not an 'applicable policy statement' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." *Aruda*, 993 F.3d at 801. Where a court considers a sentence reduction motion directly filed by a defendant under the First Step Act, the substantive standards for what may qualify as extraordinary and compelling expand beyond the bounds of guidance provided in USSG § 1B1.13's Policy Statement Application Notes. *United States v. Aruda*, 2021 WL 1307884, at *4 (9th Cir. Apr. 8, 2021); *see also Haynes*, 456 F. Supp. 3d at 511–13; *Cantu*, 423 F. Supp. 3d at 350-52; *Beck*, 425 F. Supp. 3d at 578–80 (M.D. N.C. 2019); *United States v. Brown*, 411 F. Supp. 3d 446, 451 (S.D. Iowa 2019).

Although the Policy Statement may provide helpful guidance, "it does not constrain the Court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3582(c)(1)(A)(i)." *See United States v. Booker*, 543 U.S. 220, 245 (2005); *Beck*, 425 F. Supp. 3d at 579; *see also United States v. McCoy*, 981 F.3d 271, 282 n.7 (4th Cir. 2020). The Court will look to additional considerations outside those listed in the Policy Statement to

5

determine whether extraordinary and compelling circumstances compel a reduction in Westwolf's sentence.

This Court possesses broad discretion to consider all relevant information within the context of a resentencing hearing. Recently, the United States Supreme Court addressed this particular issue. In *Concepcion v. United States,* No. 20- 1650, (June 27, 2022), the Supreme Court held that federal courts historically have exercised broad discretion to consider all relevant information at an initial sentencing hearing, consistent with their responsibility to sentence the whole person before them. *Id*. 6–11. That discretion also carries forward to later proceedings that may modify an original sentence. *Id*.

## II. Whether Westwolf Has Demonstrated Extraordinary and Compelling Reasons

Westwolf must demonstrate that extraordinary and compelling reasons support a reduction of his sentence notwithstanding this Court's determination that it has discretion to provide relief. *United States v. Maumau*, 2020 WL 806121, at *5 (D. Utah Feb. 18, 2020). The Court may reduce Westwolf's sentence if "extraordinary and compelling reasons warrant such a reduction" and if the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A) & (i); *see also* 28 U.S.C. § 994(a)(2)(C), (t); U.S.S.G. § 1B1.13(1)(A). The Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 18 U.S.C. § 3582(c)(1)(A)

6

motions filed by a defendant, but they are not binding. *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).

Westwolf requests that the Court release him on the basis that Westwolf's worsening vision impairs his ability to function within the prison setting. (Doc. 54 at 7.) The Court determines that extraordinary and compelling reasons do not exist to warrant Westwolf's immediate release.

### A. Westwolf's Worsening Vision Impairment

Westwolf's medical conditions do not qualify as an "extraordinary or compelling" reason. The pertinent guideline policy statement treats an "extraordinary and compelling" circumstance as "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he [] is not expected to recover." U.S.S.G. § 1B1.13 app. note 1(A)(ii). Westwolf is a twenty-nine-year-old young man with significant vision impairment. Westwolf presents the risk factor of having Vogt-Koyanagi-Harada ("VKH") and an auto immune disease affecting eyes, ears, and skin. (Docs. 50 at 2 and Doc. 54 at 2.) Though this vision impairment was known, Westwolf reports experiencing a worsening of his vision a little over a year and a half into his sentence. Medical records bear out diagnoses of Panuveitis, among others. Westwolf further reports his worsening vision impairs his ability to function within the prison setting.

Prior to sentencing, mature involutional cataracts and keratoconus in both eyes led Westwolf to receive treatment at Rocky Mountain Eye Center in Missoula, Montana, from 2017-2019, and ultimately, corneal transplants for both eyes, his left eye in 2017, and his right in 2018. This information, including the fact that Arthur's right eye had rejected its corneal transplant, was known at the time of Arthur's initial imprisonment. (PSR ¶¶ 59-64; Doc. 44).

Westwolf is currently located at Sheridan FCI in Sheridan, Oregon. *See* BOP Inmate Finder, https://www.bop.gov/inmateloc/ (last visited April 26, 2023). Westwolf is receiving regular medical care for his eye condition including outside ophthalmology examinations, observation, and medication. The only deficiency in the medical record appears to be that Westwolf has at least twice stopped taking the medicine prescribed to help with his vision problems. Westwolf, notwithstanding his impaired vision, does not present any extraordinary and compelling reason allowing compassionate release.

### B. Section 3553(a) Factors

A court's decision to grant a defendant's motion for compassionate release must also consider the factors under 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A). As such, any consideration of release now should be balanced against the same § 3553(a) factors, such as deterrence, just punishment, respect for the law, and avoidance of disparity of sentencings. Those factors do not support Westwolf's

8

request for premature, permanent release. Law enforcement arrested Westwolf in 2018 for discharging a 9mm pistol following a verbal altercation with Colby Wells in Browning Montana. (Doc. 47 at 4.) Westwolf did not injure Wells, but nonetheless committed a serious offense. (*Id.* at 5.) Westwolf possesses criminal history throughout his twenties, largely on the Blackfeet Indian Reservation involving driving without a license and possession of illegal substances and drug paraphernalia. (*Id.* at 7-9.) Westwolf faced a mandatory minimum of five years of imprisonment for possessing a firearm during the commission of a crime of violence. (Doc. 49 at 1.) The Court's consideration of the 18 U.S.C. § 3553(a) factors concludes that Gundlach fails to meet the high burden for compassionate release.

### C. Conclusion

Considering all the relevant circumstances, Westwolf has failed to make a sufficient showing of an extraordinary and compelling circumstance to warrant an immediate release from custody. The Court acknowledges, however, that Westwolf's compromised status due to his deteriorating eyesight and related medical complications warrants a small sentence reduction. The Court will reduce Westwolf's sentence to a period of 56 months followed by five years of supervised release.

Accordingly, **IT IS ORDERED** Westwolf's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Doc. 50) is **DENIED** in part and **GRANTED** in part.

DATED this 8th day of May, 2023.

_____
Brian Morris, Chief District Judge
United States District Court