IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ARTHUR THOMAS WESTWOLF JR.,<br><br>Defendant. | CR 19-41-GF-BMM-JTJ<br><br>AMENDED FINDINGS and RECOMMENDATIONS |

## I.      Synopsis

Defendant Arthur Thomas Westwolf Jr. (Westwolf) has been accused of violating the conditions of his supervised release. (Docs. 76 and 79).  Westwolf admitted some of the alleged violations. Westwolf's supervised release should be revoked.  Westwolf should be sentenced to custody for 2 months with 56 years of supervised release to follow.  During the first 120 days of supervised release, Westwolf shall be subject to home confinement.  Should a sober living placement become available during the term of home confinement, Westwolf shall be placed in sober living facility at the direction of his probation officer.

**Status**

On January 29, 2020, Westwolf plead guilty to the offenses of Possession of a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 924(a)(1)(A) as charged in Count 1 of the Superseding Information. (Doc. 35). Westwolf was sentenced to 5 years of custody, followed by 5 years of supervised release. (Doc. 48). Westwolf's current term of supervised release began on June 8, 2024.

**Petition**

On April 17, 2026, the United States Probation Office filed a Petition requesting that the Court revoke Westwolf's supervised release. (Doc. 76). The Petition alleged Westwolf violated the conditions of his supervised release by: (1) failing to comply with substance abuse testing requirements on February 26, 2026; (2) failing to comply with substance abuse testing requirements on March 26, 2026; (3) failing to comply with substance abuse testing requirements on April 13, 2026; (4) failing to follow the instructions of his probation officer to contact her on April 13, 2026; (5) failing to complete a substance abuse treatment program during April of 2026;  and (6) failing to follow the instructions of his probation officer on April 15, 2026, to call her by April 16, 2026.

**Amended Petition**

On May 4, 2026, the United States Probation Office filed an Amended Petition requesting that the Court revoke Westwolf's supervised release. (Doc. 79). The Amended Petition alleged Westwolf additionally violated the conditions of his supervised release by: (7) failing to comply with substance abuse testing requirements on April 21, 2026.

**Initial Appearance**

Westwolf appeared before the Court on May 5, 2026. Westwolf was represented by counsel. Westwolf stated that he had read the Amended Petition and that he understood the allegations against him. Westwolf waived his right to a preliminary hearing.  The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation Hearing**

Westwolf appeared before the Court on May 5, 2026.  Westwolf admitted that he had violated the conditions of supervised release as set forth allegations 1-3 and 7 in the Amended Petition. The Government moved to dismiss allegations 4-6, which the Court granted. Westwolf's admitted violations, 1-3 and 7, are serious and warrant revocation of his supervised release.

**Sentencing hearing**

Westwolf appeared before the Court on May 5, 2026.   Westwolf' violations are Grade C.  His criminal history category is I.  Westwolf's underlying offense is a Class A felony.  Westwolf could be incarcerated for up to 60 months. Westwolf could be ordered to remain on supervised release for 60 months, less any custody time imposed.  The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

## III.    Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Westwolf's supervised release should be revoked.  Westwolf should be sentenced to custody for 2 months, with 58 months of supervised release to follow with the first 120 days spent in home confinement. If Westwolf is able to get into a sober living facility during the 120 days of home confinement, the remainder if the 120 days of home confinement will be suspended. This sentence is sufficient but not greater than necessary.

## IV.    Conclusion

The Court informed Westwolf that the above sentence would be recommended to the Chief United States District Judge Brian Morris.  The Court also informed Westwolf of his right to object to these Findings and Recommendations within 14 days of this issuance.  The Court explained to Westwolf that Judge Morris would consider a timely objection before making a

final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS**:

That ARTHUR THOMAS WESTWOLF JR. has violated the conditions of his supervised release by: (1) failing to comply with substance abuse testing requirements on February 26, 2026; (2) failing to comply with substance abuse testing requirements on March 26, 2026; (3) failing to comply with substance abuse testing requirements on April 13, 2026; and (7) failing to comply with substance abuse testing requirements on April 21, 2026.

The Court **RECOMMENDS**:

That the District Court revoke Westwolf's supervised release and sentence Westwolf to custody for 2 months with 58 months of supervised release to follow.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C. § 636(b)(1).  A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made.  The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.

Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 6th day of May 2026.

John Johnston
United States Magistrate Judge